Daniels, J.
By the complaint in this action it was claimed that the intestate, Eliza J. Walker, was entitled to an accounting, and to the payment of the proceeds of business, which it was provided should be carried on under ah agreement made between Joseph Walker, who was her husband, and the defendants, McDonald and Spencer, on the 4th of May, 1868. The parties to the agreement then resided in the state of California, and the agreement was there made. By this agreement Joseph Walker, the husband of the intestate, appointed the defendants, McDonald and Spencer general agents to sell and dispose of the article manufactured by him, and known as the J. Walker California Vinegar Bitters. For their services, subject to certain qualifications not required to be noticed, they were to receive fifty per cent of the net proceeds of the business. The residue of such proceeds being payable to Walker himself.
The intestate was married to Walker in San Francisco on or about the 30th of August, 1868. The business which it was provided by the agreement should be carried on, is stated to have resulted in large profits received by these two defendants, and the plaintiff as the administrator of the. deceased wife, alleges under the laws of the state of California that she become entitled to one half of her husband’s share of the proceeds of this business, and the object of this action is to secure an accounting of such proceeds and the recovery of the amount by her administrator.
The allegations made in the complaint, which were to be stricken out by the order, are those specially directed to the statement of the legal right of the plaintiff to maintain the action, as the representative of the intestate widow. For that purpose it was alleged that the negotiations for the agreement were made in view of the marriage which after-wards took place, and in recognition of the right of the wife in the business under the laws of California; and that the two defendants made the solemnization of the marriage a condition precedent to any obligation on their part under the agreement. It was further alleged that by reason of the facts otherwise stated in the complaint, that what has been called a community relation of the wife in the property *132 of the husband acquired after marriage, was created between the parties, and that the proceeds of the business carried on under the agreement became community property by virtue of such laws. That the title to such proceeds was jointly vested in Joseph Walker and his wife, she being entitled to one-half of his share, having a right of survivorship after his decease, and that the business was carried on by the defendants with the concession or recognition of that right. It was also alleged that the two defendants had retained in their hands and custody portions of the proceeds of the business for the use and account of the wife. That the plaintiff was unable to state with certainty the exact amount of such retained moneys, and that the defendants had kept and had in their possession accounts of the business and were.able to answer upon that subject.
These are the allegations which by the order have been stricken from the complaint, and they are aH essential to the legal presentation of the right of action alleged to have become vested in the plaintiff as the administrator of the deceased wife. Without these allegations his complaint will fail to state any right of action, and it may be that with them he will not be able to maintain the action which he has commenced. But whether he may be or not, cannot be decided at the present time. That is not an inquiry legally entering hito the disposition of this appeal. The point here to be decided is whether these allegations were relevant or appropriate to the cause of action designed to be stated in the complaint, and that they were seems directly to follow from the effect of the statute of California upon the agreement and business of these parties. For, by the statute of that state, the husband has the exclusive title only to such property as may be owned by himself before the marriage, or acquired afterwards by him, by gift, devise, bequest or descent. The residue of the property acquired after marriage, either by the husband or the wife, has been declared to be community property, and upon the death of the husband one-half of that property, it is directed, shall go to his surviving wife. The allegations stricken from the complaint were necessary to present the right of the intestate wife to this share in the property acquired during her marriage with Joseph Walker, and after the making of the agreement.
The complaint does not state the fact to be that all the proceeds of the business, which the defendants were not entitled to retain, were paid over to Joseph Walker during the period of his own life. But it alleges that large amounts of such proceeds had been separated and set apart by the two defendants to hold for the use and account of Eliza J. Walker, the plaintiff’s intestate. This is specially *133 averred as to the sum of $8,330.84, and also as to the sum of $334,950.10, neither of which appear to have entered into any adjustment with Walker himself, or the administrator of his estate, since the time of his decease.
As the complaint was framed it probably did present a cause of action in favor of the plaintiff under the statute of the state of California, and to disclose the right on which it depended these allegations in the complaint were indispensably necessary.
The order from which the appeal has been taken should be reversed, with the usual costs and disbursements, and an order entered denying the defendant’s motion, with costs.
Brady, J., concurs.